NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RINGWOOD BOARD OF EDUCATION, : | |
| : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, : | |
| : | **OPINION** |
| v. : | |
| : | Civil Action No. 03-CV-4636 (DMC) |
| K.H.J., on behalf of K.F.J., : | |
| : | |
| Defendant. : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon a motion by K.H.J., on behalf of K.F.J., ("Defendant"), to stay pending appeal of this Court's November 21, 2005 Opinion and Order to the Third Circuit. Defendant filed this motion pursuant to both the stay-put rule of the Individuals with Disabilities Education Act, 20 U.S.C.A. § 1415(j) and Rule 62(d) and (f) of the Federal Rules of Civil Procedure. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, this Court did not hear oral argument. After careful consideration of the parties' submissions and for the reasons set forth below, Defendant's motion is **granted**.

**I. Background**

The facts pertaining to this case, K.F.J.'s ("K.J.") disability, and the Administrative Law Judge's decision were discussed in detail in this Court's November 21, 2005 Opinion. In the interest of judicial economy those facts will not be discussed again here.

On November 21, 2005, this Court issued an Opinion and Order granting Ringwood

1

Board of Education's ("Plaintiff") motion for summary judgment and denying Defendant's cross-motion for summary judgment. This Court found that Plaintiff had provided K.J. with an appropriate education and overruled the Administrative Law Judge's decision to place K.J. at the Banyon School with Plaintiff paying all associated expenses. The Court determined K.J. could receive an appropriate education in the least restrictive environment in the Ringwood School District. The Court also ordered Plaintiff to hold a meeting to update and modify K.J.'s Individual Education Program ("IEP"). On November 28, 2006, Defendant appealed this decision to the Third Circuit.

On December 7, 2005, Plaintiff wrote Defendant informing her that K.J.'s IEP meeting would be held on December 22, 2005. (Cert. of Judith Filippini in Opp. to Def. Mot. for a Stay Pending Appeal ("Filippini Cert.") at ¶ 5 and Ex. A). Plaintiff also notified the Banyon School of this Court's November 21, 2005 decision and the upcoming IEP meeting. (Id. at ¶ 6 and Ex. B). Defendant told Plaintiff that she was appealing this Court's November decision and as such, she would not be attending the IEP meeting, nor would K.J. be removed from Banyon School. (Id. at ¶ 7).

The IEP meeting took place on December 22, 2005, as planned and Defendant did not attend. (Id. at ¶ 9). At the meeting, the IEP team created an educational program where IEP team members would closely observe K.J.'s transition from the Banyon School to attending school within the Ringwood District. (Id. at ¶ 10). The IEP requires K.J. to receive specialized instruction in language arts/reading and math, one-to-one tutoring in reading utilizing the multi-sensory Orton-Gillingham approach, and mainstream instruction for the rest of his subjects. (Id.) The IEP was scheduled to begin on January 9, 2006, but Plaintiff delayed the start date due to

2

Defendant's request for more time to review the IEP. (Id. at ¶ 12-13). Also at this time, Plaintiff stopped making tuition payments to Banyon School for K.J. (Def. Br. in Support of her Mot.to Stay Pending Appeal ("Def. Br.") at 2). Since Plaintiff stopped payments, the Banyon School has not charged Defendant for tuition. (Id.) However, since Plaintiff also stopped paying the costs for K.J.'s transportation to and from the Banyon School, Defendant has carried the responsibility of transporting K.J. to and from the school herself. (Id.)

Defendant now seeks injunctive relief, "staying" her son K.J.'s current placement at Banyon School until the Third Circuit issues a decision. (Id. at 4). In short, Defendant requests this Court to order Plaintiff to fund both the tuition and transportation costs relating to K.J.'s placement at the Banyon School, retroactively to the date in or around January of 2006, until the appeal process has been completed. (Id.) Defendant argues she is entitled to this relief under the stay-put rule of the Individuals with Disabilities Education Act ("IDEA"). Plaintiffs argue that stay put does not apply and Defendant may only obtain an injunction by satisfying the usual grounds for such relief.

## II. Discussion

### A. Injunctions under the IDEA

The IDEA, 20 U.S.C. §§ 1400-85, gives parents of handicapped children the right to both an impartial due process hearing on complaints involving the educational placement of their child and to state or federal judicial review of the final administrative decisions. Drinker v. Colonial Sch. Dist., 78 F.3d 859, 863 (3d Cir. 1996), citing, 20 U.S.C.A. §1415(b)(2)-(e)(2). Throughout the administrative and judicial proceedings, § 1415(e)(3), which is also known as the "stay put" provision, applies to the child's educational status. Id. at 864, citing W.B. v. Matula,

3

67 F.3d 484, 500 (3d Cir. 1995).  The stay put rule dates back to 1975, when it was enacted as § 615(e)(3) of the IDEA's predecessor statute, the Education for all Handicapped Children Act.  Michael C. v. Radnor Twp. Sch. Dist., 202 F.3d 642, 652, n.9 (3d Cir. 2000).  The stay put rule addresses a child's educational status during the pendency of disputes surrounding the child's program or placement.  Pardini v. Allegheny Intermeidate Unit, 420 F.3d 181, 185 (3d Cir. 2005).  Section1415(e)(3) functions as an automatic preliminary injunction and may be substituted as an absolute rule in favor of the status quo for a court's "discretionary consideration of the factors of irreparable harm and either a likelihood of success on the merits or a fair ground for litigation and a balance of hardships."  Drinker, 78 F.3d at 864, quoting Zvi D. v. Ambach, 6947 F.2d 904, 906 (2d Cir. 1982).  If the stay put provision applies, "injunctive relief is available without the traditional showing of irreparable harm."  Anderson v. Dist. of Columbia, 877 F.2d 1018, 1023 (D.C. Cir. 1989).  After a court ascertains the student's current educational placement, movants are entitled to an order without having to satisfy the unusual prerequisites to injunctive relief.  Drinker, 78 F.3d at 865.

### B. The Scope of the IDEA's Stay Put Provision

In this case, Defendant seeks an injunction maintaining the status quo until the Third Circuit rules on Defendant's appeal of this Court's November 21, 2005 Opinion and Order.  The requested injunction would require Plaintiff to continue funding the tuition and transportation costs associated with K.J.'s education at Banyon School.  Defendant argues that she is entitled to this relief pursuant to the stay put provision of the IDEA.  Although K.J. is considered a handicapped child under the IDEA and the current lawsuit involves the judicial review of an Administrative Law Judge's decision regarding his educational placement, the Court must still

determine if the stay put provision applies when an appeal is pending before a Circuit Court. After examining both parties' briefs, the relevant case law, and a letter written by the Office of Special Education Programs ("OSEP"), the Court finds that the stay put provision applies.

The United States Supreme Court has stated that the language in § 1415(e)(3) is "unequivocal," in that it clearly states that "the child shall remain in the then current educational placement" throughout the proceedings. Honig v. Doe, 484 U.S. 305, 323 (1988). The Third Circuit has repeatedly interpreted the IDEA's stay put provision as representing "Congress' policy choice that all handicapped children, regardless of whether their case is meritorious or not, are to remain in their current educational placement until the dispute with regard to their placement is ultimately resolved." Pardini, 420 F.3d at 190, citing Drinker, 78 F.3d at 865. It states in §1415(j) that "during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement ... until all such proceedings have been completed." The Third Circuit's use of the language "ultimately resolved" in Pardini indicates that children should remain at their current placement until the dispute regarding their education has reaches a final conclusion. This appears to include appeals pending before the Third Circuit. The Supreme Court's decision also supports this conclusion with its determination that a child should remain where he or she is currently placed, regardless of whether their case carries any merit, until the proceedings end.

The Washington Court of Appeals also addressed this issue and after examining various Third Circuit decisions on the topic, found that Congress intended "the IDEA to allow parents the right to a 'stay put' order throughout the *entire* process, including any appeals." N. Kitsap

Sch. Dist. v. K.W., 130 Wash.App. 347, 374 (Wash. Ct. App. 2005). In its opinion, the Court also addressed the holding in Anderson v. Dist. of Columbia, 278 U.S.App. D.C. 230 (D.C. Cir. 1989), where the Court held that Congress did not intend for stay put orders to include the appellate process. The Washington Court of Appeals found the D.C. Circuit's decision at odds with the general purpose of the IDEA, "which is to keep from disturbing the child throughout the statutory process designed to resolve disputes between the school district and the child's parents or guardians over where the child can receive the appropriate educational opportunities." N. Kitsap Sch.Dist., 130 Wash.App. at 482.

This Court agrees with that interpretation of Anderson. The Washington Court of Appeals decision is extremely persuasive not only because the Court examined the underlying policies behind the IDEA, but also because it relied heavily on the Third Circuit's interpretation of the the stay put provision. One of the IDEA's goals is to prevent a child from suffering unnecessary disruptions to his or her education during the pendency of the dispute. This purpose would not be served if stay put rule only applied during the trial court level and not during the appeal process.

The Court also finds the letter by OSEP, which was submitted by Defendant, persuasive. (See Def. Reply Br. Ex. A). OSEP is an agency that exists to administer the IDEA. 20 U.S.C.A. § 1402(a). The amount of deference given to administrative interpretations depends on their persuasiveness. Micheal C. v. The Radnor Twp. Sch., 202 F.3d 642, 649 (3d Cir. 2000). To evaluate persuasiveness, courts should consider such factors as "thoroughness, reasoning, and consistency with other agency pronouncements." Chester County Intermediate Unit. Pa. Blue Shield, 896 F.2d 808, 815 (3d Cir. 1990).

The letter deals with the scope of the stay put provision and discusses a situation where parents did not appeal the District Court's decision. OSEP determined that the parent's failure to appeal mean that the District Court's decision was"final," which also means the District Court decision ended the proceedings. However, had the parents appealed, it appears the stay put provision would have applied until the Circuit Court issued its decision. OSEP is an agency created to administer the IDEA and as such, any interpretations or explanations offered on the IDEA are reliable and noteworthy. The message of the letter is consistent with Congressional intent and the IDEA's policies, which are discussed more fully above. After considering all the appropriate factors, the Court finds OSEP's letter on stay put persuasive. This letter and the relevant case law support this Court's decision to grant Defendant's request for an injunction maintaining the status quo.

### C. Standard for a Preliminary Injunction

Pursuant to Fed.R.Civ.P. 62(c), this Court has jurisdiction to issue an injunction staying a case that is pending appeal before the Third Circuit to "preserve the status quo." United Parcel Serv., Inc. v. United States Postal Serv., 745 F. Supp. 1158, 1162-63 (E.D. Pa. 1979). Injunctive relief is considered an "extraordinary remedy" which courts should only grant in "limited circumstances." Frank's GMC Truck Ctr., v. General Motors Corp., 847 F.2d 100, 102 (3d Cir. 1988). In determining whether injunctive relief should be granted, a court must consider the following four factors: (1) the likelihood that an applicant will prevail on the merits at the final hearing; (2) the extent to which an applicant is being irreparably harmed by the conduct complained of; (3) the extent to which the opposing party or parties will suffer irreparable harm if the preliminary injunction is issued; and (4) the public interest. S & R Corp. v. Jiffy Lube

Int'l. Inc., 968 F.2d 371, 374 (3d Cir. 1992).  All four factors should favor relief before a court issues an injunction.  Id.

    I do not have to apply this analysis and determine the outcome in this case because the stay put provision of the IDEA applies.  As discussed above, the usual analysis used to determine if injunctive relief is warranted does not apply when the stay put provision applies.  Therefore, it is unnecessary to proceed with this analysis.

### III. Conclusion

    For the reasons stated in this Opinion, it is this Court's finding that Defendant's motion to stay pending appeal of this Court's November 21, 2005 Opinion and Order is **granted**.  K.J. will continue his education at the Banyon School and from this day forth, Plaintiff will be responsible for the tuition and transportation costs associated with K.J.'s attendance at Banyon School.  The injunction however will not apply retroactively because as Defendant noted in her papers, the Banyon School has not required her to pay tuition since Plaintiff's stopped payments in January 2006.  Therefore, Plaintiff must only pay K.J's tuition and travel expenses from this day forward until the Third Circuit rules on Defendant's appeal.

                                               S/ Dennis M. Cavanaugh
                                               Dennis M. Cavanaugh, U.S.D.J.

Date:        June 12, 2006
Original:  Clerk's Office
Cc:         All Counsel of Record
             The Honorable Mark Falk, U.S.M.J.
                   File